Whelan v. Pascale

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

David J. Whelan, Mary M. Whelan,
         Plaintiffs-Appellants,

-v.-                                      14-3864

Judith A. Pascale, individually and in her official capacity as Clerk of the County of Suffolk, New York; County of Suffolk; David Jannetti; Does, 1-5,
         Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:        PATRICIA WEISS, Sag Harbor, New York.

FOR APPELLEES:         RUDOLPH M. BAPTISTE, Assistant County Attorney (for Dennis M.

1

Brown, Suffolk County Attorney), Hauppauge, New York, <u>for defendants-appellees Judith Pascale and the County of Suffolk.</u>

THOMAS J. McGOWAN, Meltzer, Lippe, Goldstein & Breitstone LLP, Mineola, New York, <u>for defendant-appellee David Jannetti.</u>

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs David and Mary Whelan ("the Whelans" or "plaintiffs") appeal from the judgment of the United States District Court for the Eastern District of New York (Bianco, <u>J.</u>), granting defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a district court's grant of a motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. <u>Lotes Co., Ltd. v. Hon Hai Precision Indus. Co.</u>, 753 F.3d 395, 403 (2d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

**1.** Defendants contend that, under the <u>Rooker-Feldman</u> doctrine, the federal courts lack subject-matter jurisdiction over the Whelans' claims. Defendants are incorrect. The Whelans do not "complain[] of injuries caused by state-court judgments," nor do they "invit[e] district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). The Whelans bring independent constitutional

2

claims, arguing that New York's notice-of-pendency procedures (codified at N.Y. Civil Practice Law & Rules 6501-6516 ("Article 65")) are unconstitutional.  So the <u>Rooker-Feldman</u> doctrine does not apply.  <u>See</u> <u>Diaz v. Paterson</u>, 547 F.3d 88, 94 (2d Cir. 2006) (explaining that <u>Exxon Mobil</u> "rendered the <u>Rooker-Feldman</u> doctrine plainly inapplicable" to a similar constitutional challenge to Article 65).[1]

**2.**   The Whelans argue that the Article 65 process violates the Due Process Clause of the United States Constitution.  Our Court has already rejected virtually indistinguishable claims, holding that Article 65 "provides all the process that is due in respect of the claimed property interests at stake."  <u>Diaz</u>, 547 F.3d at 96.  A panel of this Court is "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court."  <u>United States v. Wilkerson</u>, 361 F.3d 717, 732 (2d Cir. 2004).

**3.**   The remaining federal claims--brought under the Equal Protection Clause and the Free Speech Clause--were appropriately dismissed for the reasons stated in the district court's Memorandum and Order.

**4.**   Having dismissed all federal claims, the district court did not err in declining to exercise supplemental jurisdiction over any remaining state-law claims; in denying as futile plaintiffs' request to file an amended complaint; or in denying as moot plaintiffs' motion to disqualify each of defendants' counsel.

* * *

For the foregoing reasons, and finding no merit in plaintiffs' other arguments, we hereby **AFFIRM** the judgment

---

[1]   Because there is no defect in subject-matter jurisdiction, we need not consider whether (as the district ruled) a federal court "may bypass <u>Rooker-Feldman</u> to reach the merits of a dispute," <u>Whelan v. Pascale</u>, No. 13-cv-6998, 2014 WL 4638851, at *4 n.3 (E.D.N.Y. Sept. 16, 2014), notwithstanding that the doctrine eliminates federal subject-matter jurisdiction when applicable, <u>see</u> <u>Exxon Mobil</u>, 544 U.S. at 292.

of the district court.  Plaintiffs' motion for an injunction is **DENIED**.  Plaintiffs' motion for sanctions is **DENIED**.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK